# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL NO. 20-48 |
| | : |
| PHILIP ELVIN RIEHL | : |

## SECOND PRELIMINARY ORDER OF FORFEITURE

**IT IS HEREBY ORDERED THAT:**

1. As a result of defendant Philip Elvin Riehl's guilty plea as to Counts One through Three of the Information, charging him conspiracy to commit securities fraud and wire fraud, in violation of 18 U.S.C. § 371; securities fraud, in violation of 15 U.S.C. § 78ff; and wire fraud, in violation of 18 U.S.C. § 1343, the defendant is required to forfeit criminally his interest in any property, real or personal, which constitutes or is derived from proceeds traceable to such offenses, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. All property, real or personal, which constitutes, or is derived from proceeds the defendant obtained, as a result of his violations of 18 U.S.C. § 371, 15 U.S.C. § 78ff, and 18 U.S.C. § 1343 is forfeited to the United States.

3. On July 20, 2020, this Court entered an Order of Forfeiture, requiring the defendant to forfeit to the United States $59,688,297.97 in proceeds that he obtained as a result of his violations of 18 U.S.C. § 371, 15 U.S.C. § 78ff, and 18 U.S.C. § 1343, as charged in Counts One through Three of the Information, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2).

4. Pursuant to 21 U.S.C. § 853(p), due to the defendant's acts or omissions, these proceeds are not currently available because the defendant has dissipated or otherwise spent

some of the proceeds that he obtained and the United States cannot locate the proceeds upon the exercise of due diligence. Therefore, the United States is authorized to seek forfeiture of substitute assets of the defendant up to the amount of the uncollected money judgment. The government may move at any time, pursuant to Fed. R. Crim. P. 32.2(e)(1)(B), to amend this Order to forfeit specific property belonging to the defendant having a value up to the amount of the uncollected money judgment, as substitute assets.

5. Rule 32.2(e) of the Federal Rules of Criminal Procedure permits the Court to amend the Judgment and Preliminary Order of Forfeiture to include property that is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered and to include property that is substitute property of the defendant. Fed. R. Crim. P. 32.2(e).

6. Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), 21 U.S.C. § 853(p), and Fed. R. Crim. P. 32.2(e)(1)(B), the following property is subject to forfeiture as property that constitutes or is derived from proceeds traceable to the violations charged in Counts One through Three of the Information and/or as substitute assets, and all right, title, and interest of the defendant in the following assets is hereby forfeited to the United States as property that constitutes or is derived from proceeds traceable to the violations charged in Counts One through Three of the Information and as substitute assets in partial satisfaction of the $59,688,297.97 forfeiture money judgement:

        a) **Loan receivables for:**
           iii. **Cust# 9376 - Cooley's Truck & Equipment LLC**
           iv. **Cust# 9285 – Edwin Klippenstein**

(hereinafter referred to as the "Subject Property").

7. The net proceeds obtained from the Subject Property identified in Paragraph 6 of this Order shall be applied against the forfeiture money judgment of $59,688,297.97.

8. Upon entry of this Order or any amendment thereto that is entered pursuant to Fed. R. Crim. P. 32.2(e), the Attorney General or a designee is authorized to seize any specific property subject to forfeiture that is identified in this Order or subsequent amendment, pursuant to Fed. R. Crim. P. 32.2(b)(3).

9. Upon entry of this Order, the Attorney General or a designee, pursuant to Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), is authorized to conduct any discovery to identify, locate, and dispose of property subject to this Order and to address any third-party claims, including depositions, interrogatories, requests for production of documents, and subpoenas pursuant to Fed. R. Civ. P. 45.

10. Pursuant to 21 U.S.C. § 853(n)(1), and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, made applicable pursuant to Fed. R. Crim. P. 32.2(b)(6)(c), the United States Government shall put notice on an official internet government forfeiture site (www.forfeiture.gov) for 30 consecutive days, notice of the government's intent to dispose of the Subject Property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's

right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

11. The United States shall also, pursuant to 21 U.S.C. § 853(n)(1), to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is subject to the Second Preliminary Order of Forfeiture, and to their attorney, if they are represented, as a substitute for published notice as to those persons so notified.

12. Any person, other than the defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

13. Following the disposition of any petition filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rule of Civil Procedure upon showing that such discovery is necessary or desirable to resolve factual issues.

14. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests.

15. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

16. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to the

Federal Bureau of Investigation ("FBI"), United States Marshals Service ("USMS"), and to counsel for the parties.

ORDERED this 7th day of December, 2020.

_____
**HONORABLE EDWARD G. SMITH**
**United States District Court Judge**