UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | No. 5:20-cr-00048 |
| : | |
| PHILIP ELVIN RIEHL, : | |
| Defendant : | |

**O P I N I O N**
Defendant's Motion for Reduction in Sentence, ECF No. 68– Denied

**Joseph F. Leeson, Jr.**                                                                                             September 19, 2024
**United States District Judge**

## I.   INTRODUCTION

Defendant Philip Elvin Riehl filed a *pro se* motion for reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines, arguing that he is eligible for a downward adjustment of two offense levels as a zero-point offender. *See* Mot., ECF No. 68. However, Riehl is not eligible for relief under this amendment, as his sentence is already below the amended guideline range, making a reduction contrary to Policy Statement § 1B1.10 (b)(2)(B).

## II.   BACKGROUND

Riehl, having waived prosecution by indictment, *see* Waiver of Indictment, ECF No. 9, pleaded guilty to an Information before this Court charging him with one count of conspiracy to commit securities fraud and wire fraud, in violation of 18 U.S.C. § 371, one count of securities fraud, in violation of 15 U.S.C. §§ 78j(b), 78ff and 17 U.S.C. § 240.10b-5 and 18 U.S.C. § 2 and one count of wire fraud, in violation of 18 U.S.C. § 1343. *See* Plea Doc., ECF No. 11.

At his sentencing hearing, this Court calculated Riehl's total offense level to be 34 and his criminal history score to be zero, resulting in a criminal history category calculation of one. (April 20, 2020 Presentence Investigation Report ("PSR") ¶¶ 61, 64, 65). The applicable sentencing guideline range for these calculations was 151 to 188 months. *See* U.S.S.G. Ch. 5, Pt. A (sentencing table). On July 20th, 2020, Riehl was sentenced to a term of sixty (60) months imprisonment on Count 1 (conspiracy), and one hundred and twenty (120) months imprisonment each for Count 2 (securities fraud) and Count 3 (wire fraud), all to be served concurrently for a total term of 120 months. *See* ECF No. 22. Riehl's sentence also included three (3) years supervised release, $59,688,297.97 in restitution, and $300 in special assessment. *Id.*

Riehl filed a *pro se* Motion for Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the U.S. Sentencing Guidelines. *See* Mot., ECF No. 68. The Government filed a response in opposition. Resp., ECF No. 71. The motion is now ready to be decided.

### III. STANDARD OF REVIEW – Sentence Reduction Pursuant to Amendment 821 to the U.S. Sentencing Guidelines

"A district court generally may not modify a term of imprisonment after it has been imposed, but it may do so when the adopted sentencing range has been lowered by the Sentencing Commission after the sentence is final and the Commission makes the Sentencing Guideline amendment retroactive."  *United States v. Ceasar*, No. CR 19-402-03, 2024 WL 3729857, at *1 (E.D. Pa. Aug. 8, 2024) (citing 18 U.S.C. § 3582(c)(2); *Dillon v. United States*, 560 U.S. 817, 821 (2010)). Section 3582(c)(2) only "permits a sentence reduction within the narrow bounds established by the [U.S. Sentencing] Commission." *United States v. Aument*, No. 24-1329, 2024 WL 3717092 at *1 (3d Cir. Aug. 8, 2024) (quoting *Dillon*, 560 U.S. at 831).

To decide the defendant's Section 3582(c)(2) motion, this Court must first determine Riehl's eligibility for a reduced sentence and calculate his amended guideline range, and second, consider any applicable Section 3553(a) factors to determine whether the reduction is warranted "in whole or in part under the particular circumstances of the case." *United States v. Banks*, No. CR 18-579-1, 2024 WL 919835 at *1 (E.D. Pa. Mar. 4, 2024) (quoting *Dillon*, 560 U.S. at 826-27). The "court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Under U.S.S.G. § 1B1.10(b)(2)(A) a court shall not reduce a sentence "to a term that is less than the minimum of the amended guideline range." *Ceasar*, 2024 WL 3729857, at *3 (citing *United States v. Perez*, No. 20-69, 2024 WL 246026, at *2 (E.D. Pa. Jan. 22, 2024)).

Amendment 821 to the United States Sentencing Guidelines went into effect on November 1, 2023[1] and applies retroactively. *See* U.S.S.G. § 1B1.10(a)(1), (d), cmt. 7. This amendment allows for "Zero-Point Offenders" to obtain a two-level reduction if they meet certain criteria enumerated in U.S.S.G. § 4C1.1." *See Aument*, 2024 WL 3717092, at *1. To qualify as a zero-point offender, a defendant must not have "receive[d] any criminal history points" at the time of their sentencing. *United States v. Zavala*, No. CR 02-173-11, 2024 WL 3582632 at *2 (E.D. Pa. July 30, 2024) (citing U.S.S.G. § 4C1.1(a)(1)). This satisfies the first criterion under U.S.S.G. § 4C1.1. To further qualify for the two-point reduction, all of the remaining criteria must be met:

---

[1] *See* U.S. Sentencing Comm'n, *Amendment 821*, available at https://www.ussc.gov/guidelines/amendment/821.

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

See U.S.S.G. § 4C1.1(a)(2)-(10).

## IV. DISCUSSION

The Government concedes, and the Court agrees, that Riehl meets the criteria for a two-level reduction under Amendment 821 for zero-point offenders and none of the exceptions to relief apply, thereby reducing his total offense level from 34 to 32, and his sentencing guideline range from 151–188 months to 121–151 months. *See* Resp. at 8 (adopting ECF pagination). *See also* U.S.S.G. Ch. 5, Pt. A (sentencing table).

However, no reduction in Riehl's term of imprisonment is permitted by the applicable policy statements because his sentence of 120 months is below the bottom of the amended

guideline range of 121 months. *See* U.S.S.G. § 1B1.10 (b)(2)(B); *Ceasar*, 2024 WL 3729857, at *3 (denying motion to reduce 87-month sentence which fell below the amended guideline range of 121-151 months); *Zavala*, 2024 WL 3582632 at *3 (denying motion to reduce 60-month sentence which fell below the amended guideline range of 97-121 months).

The "court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

As a reduced sentence is not consistent with applicable policy statements issued by the Sentencing Commission, the Court need not consider the Section 3553(a) factors under the second part of the Section 3582(c)(2) analysis.

## V.    CONCLUSION

For the foregoing reasons, the Defendant's *pro se* Motion for Reduction in Sentence is denied. A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge
